# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RAYMOND LEE BROCK, JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:09-CV-1169
CRIM. NO. 2:90-CR-225
JUDGE MARBLEY
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a motion to vacate, set aside or correct sentence. He asserts that it has been filed pursuant to 28 U.S.C. §2241. Petitioner challenges his sentence as illegal and inconsistent with federal law. Construing petitioner's motion under 28 U.S.C. §2255, this matter is before the Court pursuant to its own motion under Rule 4 of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

Petitioner pleaded guilty to armed bank robbery and carrying a firearm during and in relation to a crime of violence. *See Petition*. In judgment entry filed on May 24, 1991, petitioner was sentenced to an aggregate term of 240 months imprisonment. *See id*. Petitioner did not appeal.

On December 28, 2009, petitioner filed the instant motion pursuant to 28 U.S.C. §2241. He asserts as follows:

> 1. The sixty (60) month conviction and sentence imposed on petitioner pursuant to 18 U.S.C. 924(c)(1)(A)(i) is illegal and

> inconsistent with federal law.
>
> 2. Petitioner Brock was given an enhanced punishment of five (5) year prison sentence, when 18 U.S.C. 2113(a), (d) does not provide for an enhancement and the five (5) year penalty is prohibited in 924(c)(1)(A) when the instant charge requires the allowing of an enhancement penalty pursuant to 924(c)(1)(A).

Because petitioner challenges the validity of his sentence, not its execution, his motion is properly considered under 28 U.S.C. §2255, not 28 U.S.C. §2241. *See Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999).[1] Additionally,

> [a] habeas petitioner is "not permitted to circumvent the procedural requirements and gatekeeping mechanisms of §2254 and §2255 merely by labeling a petition as one brought under §2241." *Woodfin v. Angelone*, 213 F.Supp.2d 593, 595 (E.D.Va.2002). Several courts of appeals, including the Sixth Circuit, have held that the AEDPA's one-year statute of limitations applies equally to habeas petitions filed by state prisoners under 28 U.S.C.§ 2241. *See Brock v. Howes*, 96 Fed. Appx. 968, 969 (6th Cir.2004); *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir.2003); *Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir. 2000). District courts have reached the same conclusion. *See*

---

[1] In *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002), the United States Court of Appeals for the Sixth Circuit held:

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under §2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under §2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Id.*, quoting *Adams v. United States*, 155 F.3d 582, 584 (2nd cir. 1998). However, the concerns of *In re Shelton*, *i.e.*, that the "recharacterized petition may be his first and only chance to seek relief under §2255," *In re Shelton, supra*, are not applicable here, since petitioner's §2255 is time-barred.

2

> *McLean v. Smith*, 193 F.Supp.2d 867, 872 (M.D.N.C.2002); *Woodfin,* 213 F.Supp.2d at 595-96 (dismissing habeas petition brought by state prisoner under §2241 as being time barred by the AEDPA's statute of limitations period).

*Frazier v. Moore,* 2006 WL 3146436 (S.D. Ohio October 31, 2006), citing *Butler v. Davis,* 2006 WL 950263 (E.D. Michigan April 10, 2006). Further, petitioner's motion is subject to a one-year statute of limitations. 28 U.S.C. §2255(f) provides:

> A 1-year period of limitations shall apply to a motion under this section. The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because petitioner's judgment of conviction became final long before April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act, which imposed a one-year statute of limitations on the filing of federal habeas corpus petitions, he had one year from the effective date of the Act, or until April 24, 1997, to file his §2255 motion. *Hyatt v. United States,* 207 F.3d 831, 832 (6th Cir. 2000). Petitioner waited more than twelve

3

years later before filing his motion. Further, he has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge